IN THE UNITED STATE DISTRICT COURT

STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RYAN GREGORY BRACKEN,<br><br>Plaintiff,<br><br>vs.<br><br>CASEY SNYDER and LOST RECOVERY,<br><br>Defendants. | REPORT & RECOMMENDATION<br><br>Case No.  2:23-cv-00527<br><br>District Court Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

**BACKGROUND**

The case is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Tena Campbell.[1]

On July 17, 2023, Plaintiff Ryan Gregory Bracken ("Bracken" or "Plaintiff"), proceeding *in forma pauperis* and without an attorney ("pro se"), filed this action against Defendants Casey Snyder and Lost Recovery ("Defendants").[2] After screening Bracken's complaint[3] and identifying deficiencies, the court permitted Plaintiff to file an amended pleading no later than September 29, 2023.[4] The court ordered Plaintiff to caption his pleading as an "Amended Complaint" and indicated that any Amended Complaint would "completely replace all prior

---

[1] ECF No. 7, Notice of Non-Consent and Referral; *see also,* Federal Rule of Civil Procedure 73; District of Utah's General Order, 20-034.

[2] ECF No. 6, Complaint.

[3] 28 U.S.C. § 1915(e)(2)(B).

1

versions" such that any claims that were not "realleged" would be "deemed abandoned."[5] The court noted that Plaintiff's failure to file a timely Amended Complaint could result in dismissal of the action.[6]

On September 29, 2023, Bracken filed a document entitled "Tort" along with a sealed "Self-Proving Affidavit."[7] No "Amended Complaint" was filed and the time within which to do so has expired.

## LEGAL STANDARDS

### 1. Jurisdiction

In general, two types of cases are heard in federal court: (1) cases involving diversity of citizenship of the parties; and (2) cases involving a federal question.

Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .citizens of different States."[8] On the other hand, federal question jurisdiction applies when Plaintiff's civil action arises "under the Constitution, laws or treaties of the United States."[9]

Facts set forth in Plaintiff's complaint must affirmatively allege subject matter jurisdiction and a court should presume "that a case lies outside its limited jurisdiction unless and

---

[4] ECF No. 8, Ruling and Order Permitting Plaintiff to File Amended Complaint.
[5] *Id.* at 2, *citing Pierce v. Williams,* 2020 U.S. Dist. LEXIS, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect.") (*citing Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)).
[6] *Id.* at 5.
[7] ECF No. 9, Tort; ECF No. 10, State of Utah Self-Proving Affidavit.
[8] 28 U.S.C. § 1332(a)(1).
[9] 28 U.S.C. § 1331.

until jurisdiction has been shown to be proper."[10] The burden of establishing jurisdiction is on the party asserting it[11] and the has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[12]

### 2. Screening Under 28 U.S.C. § 1915

Whenever a court authorizes a party to proceed *in forma pauperis,* the court must screen the complaint to determine if the complaint is "frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."[13] The court must dismiss the case if it determines that the complaint "fails to state a claim on which relief may be granted."[14] In determining whether a complaint fails to state a claim, the court employs the standard for analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[15] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[16]

---

[10] *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (*citing Kokkonen v Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)).

[11] *Bell Colo. Ltd. v. Related WestPac, LLC,* 2011 U.S. Dist. LEXIS 12031 at *10 (D. Colo. Feb. 3, 2011) ("A plaintiff has the burden of establishing, by a preponderance of the evidence, facts sufficient to show that subject matter jurisdiction exists.").

[12] *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted); Fed. R. Civ. P. 12(h)(3)

[13] 28 U.S.C. §1915(e)(2)(B) (i-iii).

[14] 28 U.S.C. § 1915(e)(2)(B)(ii).

[15] *Kay v. Bemis,* 500 F.3d 1214, 1217 (10th Cir. 2007).

[16] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 547, 127 S, Ct, 1955, 167 L. Ed. 2d 929 (2007)).

The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[17] The court need not, however, accept the plaintiff's conclusory allegations as true.[18] Rather, "a plaintiff must offer specific factual allegations to support each claim."[19]

### 3. Pro Se Litigant

Because Plaintiff proceeds without an attorney, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[20] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[21] For instance, a pro se plaintiff "has the burden of alleging sufficient facts on which a recognized legal claim could be based."[22] While the court makes allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[23] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[24]

---

[17] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2014).

[18] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011).

[20] *Hall,* 935 F.2d at 1110.

[21] *Garrett v. Selby, Connor, Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005).

[22] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[23] *Hall,* 935 F.2d at 1110.

[24] *Smith v. United States,* 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

Plaintiff's newly filed Tort document states:

> On the 30th of May 2023 the defendant trespassed on my property and stole my private household automobile. The plaintiff will be seeking three times what the automobile was worth which is $30,000,00 which will put it at $90,000.000. plaintiff will also be seeking $15,000,000.00 in punitive damages.[25]

Upon review, the court does not construe Plaintiff's "Tort" document as a properly filed Amended Complaint. Despite the court's instructions, the Tort document is not captioned as an "Amended Complaint" and fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"[26] or to provide Defendants with fair notice of the claims raised against them. Bracken fails to "describe the relationship between [him]self and Defendant[s]" or "outline any acts or omissions by Defendant[s] which led to" the alleged trespass and theft.[27] For these reasons Plaintiff's August 17, 2023, Complaint[28] remains operative and, for the reasons set forth in the Court's September 8, 2023, Order, the court recommends dismissal for failure to state a claim.[29]

Alternatively, even if the court was to construe Plaintiff's Tort document as a properly

---

[25] ECF No. 9, Tort.

[26] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 547).

[27] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007) (explaining what a complaint must contain to state a claim in federal court. "[A] complaint must explain what each defendant did not him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

[28] ECF No. 6, Complaint.

[29] ECF No. 8, Ruling and Order Permitting Plaintiff to File Amended Complaint; ECF No. 6, Complaint.

filed Amended Complaint that contained sufficient factual matter to state a cognizable claim, Plaintiff has not established subject matter jurisdiction. First, Plaintiff does not show diversity of citizenship among the parties.[30] Second, in order to establish federal question jurisdiction, a civil action must arise "under the Constitution, laws or treaties of the United States."[31] Here, Plaintiff's claims sound in tort and Bracken does not identify any federal constitutional provision, law or treatise under which such claims would arise.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that the District Court dismiss Plaintiff's action without prejudice for failure to state a claim and for lack of subject matter jurisdiction.

The Clerk's Office is directed to send copies of this Report and Recommendation to all parties who are hereby notified of their right to object.[32] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. Failure to object may constitution waiver of the objections upon subsequent review.

DATED this 18th day of October 2023.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[30] 28 U.S.C. §1332(a)(1).

[31] 28 U.S.C. § 1331.

[32] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).