IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RYAN GREGORY BRACKEN, <br><br> Plaintiff, <br><br> v. <br><br> CASEY SNYDER and LOST RECOVERY, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL** <br><br> Case No. 2:23-cv-00527-TC-DBP <br><br> Judge Tena Campbell <br> Magistrate Judge Dustin B. Pead |

On October 18, 2023, United States Magistrate Judge Dustin B. Pead issued a Report & Recommendation (R&R) (ECF No. 11) recommending that the court dismiss this case for failure to state a claim and for lack of subject matter jurisdiction.

More than 14 days have passed and Plaintiff Ryan Gregory Bracken has not objected. See 28 U.S.C. § 636(b)(1)(C).  The court therefore reviews the R&R for clear error.  Fed. R. Civ. P. 72 Advisory Comm. Notes 1983 Add. Subd. (b).

The court finds no clear error and notes that the action is appropriately dismissed on jurisdictional grounds alone.  As Magistrate Judge Pead points out, the Plaintiff has not identified any federal constitutional provision, law, or treatise under which his tort cause of action arises. Therefore, the court has no subject matter jurisdiction under 28 U.S.C. § 1331.

Furthermore, the Plaintiff has not pled facts establishing that jurisdiction is appropriate under 28 U.S.C. § 1332 for diversity of citizenship.  To the extent the court can discern, both Mr.

Bracken and the Defendants are citizens of Utah.[1] And in his original complaint,[2] Mr. Bracken requests only $30,000 in damages (see ECF No. 6 at 1). The amount in controversy is therefore insufficient to provide a basis for diversity jurisdiction.[3] See 28 U.S.C. § 1332(a) (granting jurisdiction only where the amount in controversy exceeds the sum of $75,000).

Magistrate Judge Pead already provided Mr. Bracken an opportunity to amend his complaint to plead facts sufficient to demonstrate jurisdiction. (Order of Sept. 8, 2023, ECF No. 8.) Because Mr. Bracken has not complied with that order and, furthermore, has not objected to the R&R recommending dismissal, the court will not grant Mr. Bracken further leave to amend his complaint.

## ORDER

The court DISMISSES this action WITHOUT PREJUDICE for lack of subject matter jurisdiction.

DATED this 7th day of November, 2023.

BY THE COURT:

Tena Campbell
United States District Judge

---

[1] In his pleading styled "Tort," Mr. Bracken states that his nationality is "Utahn" (ECF No. 9 at 8). And Lost Recovery appears to be a towing service based out of Ogden.

[2] The court agrees with Magistrate Judge Pead (see R&R, ECF No. 11 at 5) that Mr. Bracken's subsequent pleading styled "Tort" does not suffice as an amended complaint and that therefore the original complaint filed on August 17, 2023 (ECF No. 6), remains operative.

[3] In his pleading styled "Tort," Mr. Bracken asks for treble damages and punitive damages in the amount of $15 million (ECF No. 9 at 1). But Mr. Bracken cites no authority that provides for treble damages or for punitive damages that are 500 times the amount of cited damages.